## Case No. 9,128.

### MARSHALL v. DORSETT.

[4 Cranch, C. C. 696.] [1]

Circuit Court, District of Columbia. March Term, 1836.

ADMINISTRATORS—MARYLAND STATUTE—DECEASED WIFE—CHOSES IN ACTION—TRUSTEE.

Under the act of Maryland, 1798, c. 101, cl. 5, § 8. the husband is the administrator of his deceased wife, and may sue for her choses in action not reduced to possession in her lifetime; although her property had been conveyed, in her lifetime, to a trustee, for the sole and separate use and benefit of her, and her executors, administrators, and assigns; she not having assigned the trust-fund in her lifetime, nor disposed of it by will or deed executed according to the terms of the trust.

Assumpsit for money had and received by the defendant [Amelia T. Dorsett] to the plaintiff's use. By a deed of trust, the property of the plaintiff [Robert Marshall] and his wife was conveyed to Mrs. Susan G. Beall, in trust for the sole and separate use of the plaintiff's wife, Anne Marshall, her executors, administrators, and assigns. The trustee, with Mrs. Marshall's consent, lent $400 to the defendant, and took her note therefor, payable twelve months after date, to the said "Susan G. Beall, trustee for Anne Marshall, with interest in advance, for value received;" dated September 18, 1832. The wife died, and this suit was brought by the husband in his own name, who, by the Maryland act of 1798, c. 101, cl. 5, § 8, is entitled to all the rights of administrator to his deceased wife, and may sue for and recover her choses in action, not reduced into possession during the coverture.

R. S. Coxe, for plaintiff.
Brent & Brent, for defendant.

THE COURT (nem. con.) decided, that the husband, standing in the place of administrator, had a right to recover this debt. the wife not having, in her lifetime, disposed of the trust-fund by last will or deed executed according to the terms of the trust.

Verdict for the plaintiff, $430.

[See Case No. 4,012.]

---

MARSHALL (DORSETT v.). See Case No. 4,012.

---

## Case No. 9,128a.

### MARSHALL v. JEFFRIES.

[Hempst. 299.] [2]

Superior Court, Territory of Arkansas. Feb., 1836.

PLEADING AT LAW—MISNOMER—IDEM SONANS.

"Jeffery" and "Jeffries" are not idem sonans.

Error to Lawrence circuit court.

---

Before JOHNSON and YELL, JJ.

JOHNSON, J. This is an action of trespass for an assault and battery, brought by Jeffries against [William B.] Marshall. Marshall pleaded a misnomer of the plaintiff named, alleging that he was called and known by the name of Jesse Jeffery, and not by the name of Jesse Jeffries. To this plea Jeffries demurred, and the demurrer was sustained. The only question for the consideration of this court, relates to the decision on the demurrer to the plea in abatement. We think the court erred in sustaining the demurrer to that plea. We do not think that Jeffery and Jeffries are the same name. They are differently spelt, and clearly cannot be said to be idem sonans. The judgment must be reversed, and the cause remanded, with directions to permit the defendant in error to reply to the plea of misnomer, if he shall apply for leave to do so, and on his failure, then to give judgment in accordance with the plea in abatement. Reversed.